**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| SANTOS PADRO-PEREZ ET AL., <br><br>     Plaintiffs, <br><br>          v. <br><br> UNITED STATES OF AMERICA ET AL., <br><br>     Defendants. | Civ. No. 04-1229 (PG) |

**OPINION AND ORDER**

Before the Court is Magistrate Judge Aida M. Delgado-Colón's Report and Recommendation ("R&R") (Docket No. 29), regarding defendants' Motion to Dismiss. (Docket No. 3.) For the following reasons, the Court APPROVES and ADOPTS the Magistrate Judge's R&R and GRANTS defendants' Motion to Dismiss.

**FACTUAL BACKGROUND**[1]

Plaintiffs, Santos Padro-Perez and Ana M. Nazario-Petri ("Plaintiffs") sought from the Farm Service Agency ("FSA") a loan in the amount of $70,000.00 to be used in the agricultural development of 286.46 acres of land. The plaintiffs were notified of the approval of the loan for the amount of $50,000.00 by way of a letter from the FSA dated October 13, 1999. (Docket No. 1, Ex.) On January 28, 2000, three checks totaling $6,900.00 were issued to the plaintiffs. Id. The remaining balance of the loan, $43,100.00, was deposited in a bank to be disbursed upon request but subject to previous authorization by the FSA. Following the initial three checks issues to plaintiffs, they received no further disbursements.

In a letter dated April 19, 2000, the FSA notified plaintiffs that a review by the FSA's National Office had determined that plaintiffs had received unauthorized assistance on the loan. (Docket No. 28, Ex. C.) As a result, the account could be considered in breach, and the amount of $50,446.00 be declared due and payable unless plaintiffs presented evidence

---

[1] The Court culls the relevant facts from the Magistrate Judge's R&R.

Civ. No. 04-1229(PG)                                                      Page 2

that they were eligible for the assistance. The FSA arranged for a meeting to be held on May 2, 2000 during which plaintiffs would be allowed to present any documents or information that would help them reverse the decision. Plaintiffs allege that they presented all of the required documents but that the FSA never released the remainder of the loan.

Subsequently, the FSA, via a letter dated February 13, 2003, informed plaintiffs that it was reducing the assistance in the loan and that the funds in the supervised bank account were being reimbursed. (Docket No. 28, Ex. D.) The FSA based this decision on the following findings: (1) plaintiffs' failure to provide the agency with a financial statement and budget as required by a February 27, 2002 letter; (2) plaintiffs' a failure to make a decision after being provided with several alternatives at meetings held on December 10, 2001, April 5, 2002, August 9, 2002 and August 17, 2002; and (3) plaintiffs' failure to attend the last meeting scheduled for December 30, 2002. The notice provided plaintiffs with four different alternatives to appeal the FSA's decision to accelerate the loan: (1) reconsideration by the local office; (2) an independent appraisal by a qualified appraiser; (3) mediation or alternative dispute resolution; and (4) a direct appeal to the National Appeals Division ("NAD").

On April 8, 2003, the FSA notified plaintiffs that the balance of the loan, totaling $43,100.00, had been withdrawn from the account. (Docket No. 1, Ex.) Thereafter, on May 28, 2003, plaintiffs received a "Notification of Intent to Accelerate or Continue Acceleration of Loans and Notice of Your Rights" (Docket No. 29, Ex. E), in which they were advised that they were $12,973.00 behind in their FSA loan payments. Again, plaintiffs were offered several options, including a meeting with a FSA servicing official or an Appeal to the National Appeals Division.

Plaintiffs filed the above-styled and captioned complaint on March 19, 2004 claiming that they qualified for the $50,000.00 loan and that as a result of defendants' actions, they have not been able to develop their farm. (Docket

Civ. No. 04-1229(PG)                                                    Page 3

No. 1). They also alleged that they have lost more than $1,000,000.00 in earnings and that the defendants' actions have caused them suffering and damages estimated at more than $3,000,000.00.

Defendants, the United States of America and the Department of Agriculture, Farm Service Agency, move to dismiss plaintiffs' complaint arguing that the Court lacks subject matter jurisdiction over the action and that the complaint fails to state a claim upon which relief can be granted. (Docket No. 3.)  The motion was referred to Magistrate Judge Delgado-Colón who recommends granting defendants' motion. (Docket No. 29.)

## DISCUSSION

### I. Standard for Reviewing a Magistrate-Judge's Report and Recommendation

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003)(quoting 28 U.S.C. §§ 636(b)(1).) If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Felix Rivera de Leon v. Maxon Engineering Services, Inc., 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections," 'the district court can assume that they have agreed to the magistrate's recommendation'." Alamo Rodriguez, 286 F.Supp.2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985).

### II. Motion to Dismiss

When ruling on either 12(b)(1) or 12(b)(6) motion, a court must accept

Civ. No. 04-1229(PG)                                                    Page 4

all well-pled factual averments as true and must draw all reasonable inferences in the plaintiffs' favor. Pejepscot Indus. Park v. Maine Cent. R.R., 215 F.3d 195, 197 (1st Cir. 2000)("The standard applied to a 12(b)(1) motion is similar to the standard applied to a 12(b)(6) motion, namely, the Court must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable to plaintiff"). See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). A court should not dismiss a complaint for lack of subject matter jurisdiction unless it is clear that plaintiff will be unable to prove any set of facts which would entitle him to recovery. See LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998); Negron-Gaztambide, 35 F.3d at 27 (citing Carney v. Resolution Trust Corp., 19 F.3d 950, 954 (5th Cir.1994); Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992). "The party invoking the jurisdiction of a consequent court carries the burden of proving its existence." Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993). See Puerto Rico Tel. v. Telecom. Regulatory Bd., 189 F.3d 1, 7 (1st Cir. 1999).

### III. Analysis

Defendants argue that plaintiffs did not identify an appropriate waiver of immunity in their complaint therefore, it should be dismissed. Plaintiffs claim, however, that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Under the doctrine of sovereign immunity, individuals may not sue the United States without its consent. United States v. Mitchell, 463 U.S. 206, 212 (1983) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)). "Absent a waiver, [] sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988); Federal Hous. Admin. v. Burr, 309 U.S. 242, 244 (1940)). A suit against an executive department of the United States, or against departmental employees in their official capacities, is a suit against the United States and is therefore subject to the defense of sovereign

Civ. No. 04-1229(PG)                                                Page 5

immunity. Hawaii v. Gordon, 373 U.S. 57, 58 (1963). The United States Department of Agriculture enjoys sovereign immunity from suit. See In re Supreme Beef Processors, Inc., 391 F.3d 629, 633 (5th Cir. 2004).

The Magistrate Judge correctly concluded that the plaintiffs failed to state in their complaint an applicable waiver of sovereign immunity. A review of the complaint confirms the Magistrate Judge's conclusion. Plaintiffs simply state that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, however, fail to state a specific statute containing a waiver of the government's immunity from suit. In their objections, plaintiffs do not even address the issue of sovereign immunity. Accordingly, all of plaintiffs' claims fail as a matter of law. Millet v. U.S. Dept. of Army, 245 F.Supp.2d 344, 351 (D.P.R. 2002)(and cases cited therein).

Defendants also argued in their Motion to Dismiss that plaintiffs claim sounded in tort and should be dismissed because pursuant to the Federal Tort Claims Act ("FTCA"), they had not complied with the exhaustion of administrative remedies requirement of 28 U.S.C. § 2675(a)2. Under the FTCA "a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency "within two years after such claim accrues." U. S. v. Kubrick, 444 U.S. 111, 113(1979). The filing of an administrative claim is a jurisdictional requirement that may not be waived. Santiago Ramírez v. Secretary of Department of Defense, 984 F.2d 16, 18 (1st Cir. 1993); Corte-Real v. United States, 949 F.2d 484,485 (1st Cir. 1991). The Magistrate Judge concluded that there was no indication that plaintiffs had sought to exhaust administrative remedies. Accordingly, because they failed to comply with this administrative requisite, any tort claims must be dismissed. The Court agrees with the Magistrate Judge. Plaintiff never sought to exhaust any of the remedies offered, even after being provided with several opportunities to do so. Therefore, any possible tort claims must be dismissed.

Although this appears to end the Court's inquiry, plaintiffs' insist

Civ. No. 04-1229(PG)                                                    Page 6

that their claim is sounded in contract and not in tort as the Magistrate Judge so understood and in light of the Tucker Act's waiver of sovereign immunity, we next consider whether this Court has jurisdiction under said statute.

It is settled that by "virtue of the Tucker Act the United States waived its sovereign immunity for certain type of claims." Pagan Santiago v. CEM de PR Health Services, Inc., 343 F.Supp.2d 93, 96 (D.P.R. 2004)(citing City of Albuquerque v. U.S. Dept. of Interior, 379 F.3d 901, 907 (10th Cir.2004)). The "United States has waived its immunity for civil actions founded "upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort". 28 U.S.C. § 1346(a)(2) and § 1491(a)(1). Claims against the United States exceeding $10,000.00 are in the jurisdiction of the Court of Federal Claims. 28 U.S.C. § 1491. The district courts and the Court of Federal Claims have concurrent jurisdiction over claims for money damages up to $10,000.00. 28 U.S.C. § 1346(b)(2).

Here, plaintiffs' claim exceeds $10,000, hence this Court lacks jurisdiction over the claim. See Pagan Santiago, 343 F.Supp.2d at 96. Even if their claims did not exceed $10,000, the Department of Agriculture Reorganization Act of 1994 created a mandatory administrative appeals process covering contract claims against the Department, the outcome of which is appealable only to United States District Courts. 7 U.S.C. § 6999; see also Farmers & Merchants Bank of Eatonton v. United States, 43 Fed.Cl. 38 (1999). The statute, 7 U.S.C. § 6912(e), "explicitly requires that a person exhaust all administrative appeal procedures established by the Secretary of Agriculture or required by law before the person may bring an action in a court of competent jurisdiction against the Department of Agriculture." Farmers & Merchants Bank of Eatonton, Georgia, 43 Fed.Cl. at 40. See also Ace Property & Cas. Ins. Co. v. U.S., 60 Fed.Cl. 175, 181 (2004). Having plaintiffs failed to do so, the Court would lack jurisdiction over their

Civ. No. 04-1229(PG)                                                    Page 7

claims.

## **CONCLUSION**

WHEREFORE, for the preceding reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Docket No. 29) and **GRANTS** defendants' Motion to Dismiss (Docket No. 3.)

IT IS SO ORDERED.

San Juan, Puerto Rico May 19, 2006.

                                           S/JUAN M. PEREZ-GIMENEZ
                                           U.S. District Judge